**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CITY OF RATON, a municipal corporation
and political subdivision of the State of
New Mexico,

   Plaintiff,

vs.                        No. CIV 08-0026 JB/WDS

ARKANSAS RIVER POWER AUTHORITY,
a public power corporation and political
subdivision of the State of Colorado,

   Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the City of Raton's Motion to Compel the Continuation of the Deposition of Alice Jewell Brunelli Pursuant to Fed. R. Civ. P. Rule 30(d)(1) and Rule 37(a), filed December 16, 2008 (Doc. 90). The Court held a hearing on February 2, 2009. The primary issue is whether the Court should compel the continuation of the deposition of Alice Jewell Brunelli (f/k/a Alice Jewell) beyond one day of seven hours. For the reasons stated at the hearing, and because the Court concludes that such extension is needed to fairly examine Brunelli, but does not believe that a full day is needed, the Court will grant the motion in part and deny the motion in part, and allow Plaintiff City of Raton, New Mexico to continue the deposition for five more hours. The Court will not order sanctions.

**FACTUAL BACKGROUND**

Brunelli is not a party, but she is closely associated with Defendant Arkansas River Power Authority ("ARPA"). Brunelli is currently a high-school teacher in Trinidad, Colorado and teaches Monday through Thursday of each week. Brunelli served in important positions on ARPA's board,

including that of Acting General Manager, during the inception and construction of the Lamar Repowering Project (the "Project"). The Project is a multi-million dollar construction project.

During her time on the board, Brunelli communicated frequently with other key players on the Project. She is currently a part-time contract employee for ARPA, and was previously the Manager of Energy Support Services for ARPA. See Deposition of Alice Jewell Brunelli at 17, 23-25 (taken November 22, 2008)("Brunelli Depo."). Brunelli has been an ARPA employee during all relevant time periods to this lawsuit. See id. at 23-25.

## PROCEDURAL BACKGROUND

The parties have largely been conducting their discovery in this large document case with a minimum of Court involvement. While they initially agreed to limit non-expert depositions to a maximum of seven hours, the amount of documents requested and produced in this case made it difficult to have all of them produced by the time of one deposition. Moreover, because none of the counsel reside in the town where the deposition took place, the deposition could not be easily cancelled so that the City of Raton had more time to review documents produced the day of the deposition.

1.   **The Joint Status Report and Provisional Discovery Plan**.

On May 30, 2008, the parties filed a Joint Status Report and Provisional Discovery Plan (Doc. 18), which the Court adopted as an order on June 16, 2008 (Doc. 24). The Joint Status Report provides that "each deposition (other than of experts) [is] limited to [a] maximum of seven hours unless extended by agreement of [the] parties." Doc. 18, at 15.

2.   **The City of Raton's Document Requests to ARPA**.

Although this action has been pending since early January 2008, the City of Raton waited until September 15, 2008, to serve its first set of interrogatories and requests for production of

documents. On September 15, 2008, the City of Raton served its First Requests for Production of Documents on ARPA (the "RFP"). The City of Raton's first set of document requests included 102 separate requests, including several with multiple subparts, seeking practically every document associated with the Project.

Among other things, the City of Raton requested the production of all of ARPA's electronic mail and correspondence relating to the Project. Thus, months ago, the City of Raton, through the RFP's, requested that ARPA produce "all correspondence between ARPA and Forerunner regarding the Project." The RFP also contained the following specific requests:

> **REQUEST FOR PRODUCTION NO. 76:** Please provide a copy of any and all notes, correspondence, e-mails, written workpapers, electronic files, presentations, memorandums or any other media that, in any way, discuss, analyze or otherwise disclose information regarding the economic feasibility of the Project.
>
> **REQUEST FOR PRODUCTION NO. 81:** Please provide a copy of all notes, correspondence, e-mails, written workpapers, electronic files, presentations, memorandums or any other media that, in any way analyze or otherwise disclose information regarding informal offers (if any) to supply ARPA's power requirements in lieu of the constructing the Project.
>
> **REQUEST FOR PRODUCTION NO. 85:** Please provide a copy of all notes, correspondence, e-mails, written workpapers, electronic files, presentations, memorandums or any other media that, in any way, analyze, discuss or otherwise disclose the assessment of the potential risks to ARPA and its members of the Project, both for the initial feasibility studies and in making subsequent decisions to continue construction of the Project.
>
> **REQUEST FOR PRODUCTION NO. 92:** Please provide a copy of all notes, correspondence, e-mails, written workpapers, electronic files, presentations, memorandums or any other media that, in any way, analyze, discuss or otherwise disclose any and all discussions between ARPA and Forerunner regarding the construction cost overruns at [the] Project.

These documents are maintained at three physical locations in Lamar, Colorado, including: (i) ARPA's headquarters; (ii) Rick Rigel's office at the Lamar Light and Power building; and (iii) the Project construction office. These documents include hundreds of thousands of pages of

drawings, specifications, contracts, change orders, proposals, papers, and electronic correspondence. Correspondence is not maintained in a single location in these offices, but rather is interspersed throughout the documents at these three locations.

ARPA provided a timely response to the City of Raton's first set of interrogatories on October 15, 2008. ARPA did not, however, respond in a timely fashion to the RFP. In light of the large volume of documents requested, ARPA requested and the City of Raton granted a fifteen-day extension of time for ARPA's document production to the City of Raton's request to Friday, October 31, 2008.

On October 31, 2008, ARPA electronically served its responses to the City of Raton's document request. In addition, also on October 31, 2008, ARPA sent a disk with electronic copies of documents to the City of Raton's counsel via Federal Express. Unfortunately, because of a clerical error, ARPA included the wrong disk in the Federal Express package on October 31, 2008.

### 3. **The Scheduling of Brunelli's Deposition**.

ARPA's counsel offered several Friday dates for Brunelli's deposition. The City of Raton's counsel suggested doing Brunelli's deposition on the weekend of November 22 or 23, 2008. See Electronic Mail from Nann Winters to Craig N. Johnson at 1 (dated October 31, 2008)(Doc. 95-8). As an accommodation to the City of Raton, ARPA and Brunelli agreed to allow her deposition to be taken on Saturday, November 22, 2008.

### 4. **The Production of Documents by Computer Disk**.

When ARPA discovered its error on Monday, November 3, 2008, it sent a replacement disk See Federal Express Receipt at 1 (dated November 3, 2008). After the City of Raton or its counsel complained that it had not received the second disk, ARPA sent a third copy of the disk to the City of Raton on November 4, 2008. See Federal Express Receipt at 1 (dated November 4, 2008).

...

Federal Express later confirmed that it delivered both the disks sent on November 3 and on November 4 to the City of Raton's counsel on November 5, 2008.  Thus, the City of Raton did not receive any documents from ARPA until November 5, 2008.

The disks that ARPA sent to the City of Raton's counsel included approximately 20,000 pages of documents responsive to the City of Raton's document requests.  Thus, on November 5, 2008, as part of ARPA's October 31, 2008 response, the City of Raton received over 20,000 pages of documentation on CD, which included fewer than thirty electronic mails to, from, or carbon copied to Brunelli.  ARPA made the balance of responsive documents available for inspection and copying at ARPA's offices in Lamar in accordance with rule 34(b)(2)(E).

ARPA indicated that the remainder of its production would be available for inspection and copying in Lamar.  The documents at the three locations in Lamar included a significant quantity of correspondence from Brunelli, including both letters and copies of electronic communications concerning the Project.

**5.     The City of Raton's Review of the Documents in Lamar**.

On Tuesday, November 4, 2008, and again on November 10, 2008, the City of Raton's counsel sought ARPA's concurrence to review the documents in Lamar on November 12, 13, and 14, 2008.  The City of Raton's counsel sent ARPA's counsel by electronic mail the request for a review of ARPA's documents in Lamar.  Specifically, Ms. Winter stated: "Representatives of Raton will be in Lamar on the 12, 13 and 14 of November for additional document review.  Please make that accommodation."  Electronic mail from Nann M. Winter to Craig N. Johnson, at 1 (dated 5:14 p.m. on November 4, 2008).  After reviewing this electronic mail, ARPA's counsel did not respond immediately.

**6.    Scheduling of Brunelli's Deposition**.

Also on November 4, 2008, the City of Raton's counsel confirmed in an electronic mail message that it would take the deposition of Brunelli on November 22, 2008, one of the dates that ARPA's counsel had previously provided for the deposition. See Electronic Mail from Nann M. Winter to Craig N. Johnson at 1 (dated 4:54 p.m. November 4, 2008).

**7.    Scheduling of the Lamar Productions**.

On November 10, 2008, at approximately 5:58 p.m., ARPA's counsel emailed a letter confirming the dates for the document review on November 12, 13, and 14. Specifically, the letter from ARPA's counsel stated: "We understand that representatives of Raton will be in Lamar November 12, 13 and 14 to review documents. Please let me know who will be present on behalf of Raton, where they would like to begin the document review, and at what time." Letter from Craig N. Johnson to Nann M. Winter at 1 (dated November 10, 2008)(Doc. 95-6). The City of Raton did not see this letter until November 11, 2008. Although ARPA, in its November 10, 2008 letter, confirmed the availability of documents for review on the dates that the City of Raton's counsel indicated, representatives of the City of Raton by that time had already made different arrangements. In any case, the City of Raton never responded to ARPA's November 10, 2008 letter.

ARPA's counsel sent an associate and paralegal to Lamar on Monday, November 11, 2008, to facilitate the review of documents that the City of Raton requested for November 12, 13, and 14, 2008. At approximately 3:51 p.m. on November 11, 2008, the City of Raton's counsel sent a further electronic mail asking for dates for a "site visit." Specifically, Ms. Winter electronically mailed: "Please confirm a date for a site visit. Thank you." Electronic mail string at 1 (dated November 10, 2008). Because it was unclear what "site" the City of Raton intended to visit, ARPA's counsel responded at 4:38 p.m., asking which site the City of Raton intended to visit. See id. The City of

-6-

Raton's counsel never responded to this inquiry.

As of 3:00 p.m. on November 12, 2008, no representative of the City of Raton appeared for the scheduled document review. Accordingly, ARPA's counsel sent an electronic mail to the City of Raton's counsel at approximately 3:21 p.m. on Wednesday, November 12, 2008, asking if the City of Raton intended to review the documents. See Electronic mail string at 2 (dated November 12, 2008). At that time, the City of Raton's counsel denied ever receiving ARPA's letter of November 10, 2008, confirming the date for the review of documents.

### 8. The Brunelli Subpoena.

On Monday, November 17, 2008, five days before Brunelli's deposition, the City of Raton noticed the deposition of Brunelli for Saturday, November 22, 2008, a date to which the parties had mutually agreed after multiple efforts by the City of Raton's counsel to set a firm date for the deposition. In an attachment to the Deposition Notice, the City of Raton asked Brunelli to produce at the deposition, among other things, all communications, including electronic mails, between Brunelli and Forerunner, Brunelli and the ARPA Board, and Brunelli and the ARPA general manager. See Deposition Notice and attachment at 1. These same items had already been previously requested in the City of Raton's RFP.

The City of Raton's counsel also delivered a subpoena for Brunelli, seeking eight categories of documents from Brunelli's files, including copies of all communications and electronic mails in Brunelli's possession relating to the Project. See Subpoena at 1. Over the next several days, ARPA's counsel worked with Brunelli to compile the documents requested.

### 9. The Lamar Productions.

By agreement of the parties, the City of Raton was eventually able to reschedule the document review in Lamar for November 20 and 21, 2008. At that time, all of the documents

identified in response to the City of Raton's request for production of documents were made available for inspection and copying in accordance with rule 34. Specifically, at that document production, ARPA made hundreds of thousands of additional pages of documentation available for inspection and copying consistent with rule 34(b)(2)(E).

During the Lamar document review on November 20 and 21, 2008, the City of Raton's counsel identified a large number of documents for copying and production. Specifically, the City of Raton's counsel designated approximately 75,000 additional pages of documents for copying during their inspection. Because there is no copy facility in Lamar capable of handling this volume, ARPA's counsel sent a third-party vendor, Doc 1 Solutions, from Denver to Lamar to retrieve the documents and to copy them for the City of Raton.

Also during the Lamar trip and during the document review and inspection in Lamar before Brunelli's deposition, the City of Raton again requested Brunelli's correspondence. The City of Raton's counsel made numerous requests for any file that contains Brunelli's correspondence, but none was provided. During the City of Raton's review of documents in Lamar on November 20, 2008, the City of Raton's counsel informed ARPA that it intended to ask Brunelli about how she stored documents during her deposition, and then would suspend the deposition and seek to reopen it after the City of Raton had an opportunity to review the documents that ARPA produced. At the time, ARPA's counsel informed the City of Raton that it would object to any attempt to reopen Brunelli's deposition and that, if the City of Raton was not prepared to proceed on November 22, 2008, the deposition of Brunelli should be postponed. Nevertheless, the City of Raton's counsel elected to proceed with Brunelli's deposition.

Although ARPA's counsel promised that the copies would be delivered to the City of Raton within ten days, the City of Raton did not receive the documents until January 12 and 16, 2009.

Because of the large amount of documentation, and because much of the documentation needs to be removed from binders and copied by hand rather than run through a document feeder, the copy request was not been completed until January 12 and 16, 2009.

### 10. **The Deposition of Brunelli**.

On the day of the deposition, Brunelli produced documents responsive to her subpoena. At the time of her deposition, Brunelli made a timely response to the City of Raton's subpoena to her, making thousands of additional pages of documentation to the City of Raton. ARPA waited until the morning of Brunelli's deposition, however, to produce the thousands of documents.

On the morning of Brunelli's deposition on November 22, 2008, ARPA's counsel arrived with two banker's boxes filled with documents relating to the Project and two compact discs of documents represented to contain thousands of electronic mails in Brunelli's possession. The two disks contained copies of all electronic records in her possession. These documents were largely – but not entirely – copies of documents that ARPA had previously produced on October 31, 2008, and of the documents that ARPA had made available for inspection and copying on November 12, 13, and 14, November 20, and 21, 2008.

Also on the morning of November 22, 2008, ARPA's counsel stated that the documents in the boxes were available for inspection only, and that the City of Raton would have to request copies of those documents, which would then be delivered at a later date. ARPA did not look at what was produced. The City of Raton's counsel requested copies of the documents in the two boxes, but did not receive them until December 30, 2008.

At the deposition, again, the City of Raton's counsel objected to ARPA's untimely production of documents that had previously been requested in the RFP over two months ago. ARPA's counsel responded that the City of Raton's counsel could review the thousands of

documents that morning before beginning Brunelli's deposition. Before commencing the deposition of Brunelli's deposition, the City of Raton's counsel again indicated that it would seek to reopen Brunelli's deposition after the City of Raton had the opportunity to review the documents that ARPA produced. Again, ARPA's counsel objected to this request. The City of Raton asserts that, given the volume of documents contained in the boxes and two CD's produced at Brunelli's deposition, it would have been impossible for its counsel to review the documents and have any time left in the day for Brunelli's deposition.

The City of Raton had already encountered a considerable difficulty in scheduling Brunelli's deposition, which was held on a Saturday at ARPA's insistence, to accommodate Brunelli's schedule as a teacher. Furthermore, ARPA's counsel had to drive over 250 miles to attend the deposition in Trinidad, Colorado. The City of Raton's counsel therefore was not inclined to put off Brunelli's deposition on account of ARPA's document production.

Brunelli's deposition commenced at 8:59 a.m. on November 22, 2008, and was concluded at 4:52 p.m. on that date. See Brunelli Depo. at 1, 290. Although several breaks were taken during the deposition, including a lunch break from 12:03 p.m. to 1:20 p.m., the City of Raton made no effort to review the new documents that had been produced. In all, Brunelli was deposed for over six hours.

During Brunelli's deposition, Brunelli made numerous references to emails in her possession that related directly to the subject matter of her deposition. At the close of the deposition, Ms. Nannette Winter, the City of Raton's counsel, reserved the right to continue the deposition after having an opportunity to review the documents produced by Brunelli that morning:

> Based on the fact that I have requested correspondence, both in the discovery and in the Subpoena, and we did not get that timely, I am going to go ahead and reserve the right to continue this deposition until I have a chance to review the correspondence

    that Mrs. Jewell Brunelli has indicated exists, that we don't have.

Brunelli Depo. at 289-290.  ARPA's counsel objected to continuing the deposition, and Ms. Winter responded:

> And for the record, we made multiple, multiple requests, both Thursday and Friday, for any file that had Ms. Jewell's correspondence in it, and nothing was produced. So – and what you've produced today simply cannot be reviewed today, without cutting into my seven hours.  So we'll go ahead and duke that out in front of Judge Browning.

Id. at 290.

    After having an opportunity to review the limited documents that Brunelli produced at her deposition, the City of Raton has concluded that more time is needed to fairly examine Brunelli on the content of those communications, as they go to the City of Raton's allegations.  The City of Raton's counsel estimates that further questioning of Brunelli about her correspondence will require another five to seven hours of deposition.

    On December 5, 2008, the City of Raton's counsel wrote to ARPA's counsel, requesting to continue Brunelli's deposition because of ARPA's failure to timely produce Brunelli's correspondence.  On December 9, 2008, ARPA's counsel sent a letter objecting to the continuation of Brunelli's deposition and asserting that all its document disclosures had been timely.  See Letter from Craig N. Johnson to Nann Winter and Louis Stelzner at 1-2 (dated December 9, 2008)(Doc. 90-7).

    In a telephone conference on December 12, 2008, ARPA's counsel stated his agreement that, with the exchange of letters, the City of Raton had fulfilled its obligation pursuant to rule 37(a)(1) of the Federal Rules of Civil Procedure to confer in good faith with ARPA's counsel in an effort to continue this deposition without court action.  The City of Raton also conceded that, by the time of the telephone conference, ARPA had produced the documents the City of Raton was requesting.

The City of Raton now seeks to re-depose Brunelli on the grounds that it did not have the opportunity to review certain documents before her deposition. The City of Raton moves the Court, pursuant to rule 30(d)(1) and rule 37(a), to compel the continuation of Brunelli's deposition. The City of Raton further moves for the imposition of sanctions against ARPA for impeding the fair examination of Brunelli by failing to timely produce certain documents, specifically Brunelli's correspondence concerning the Project. Moreover, ARPA did not produce copies of all of Brunelli's correspondence relating to the Project until December 30, 2009.

## RELEVANT LAW REGARDING DISCOVERY

Rule 30(d) provides:

(1) *Duration.* Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstances impedes or delays the examination.

(2) *Sanction.* The court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent.

Fed. R. Civ. P. 30(d). Rule 26(b)(2) provides: "By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30." Fed. R. Civ. P. 26(b)(2).

## ANALYSIS

In light of the circumstances leading up to this Motion, the Court believes that it is appropriate to allow the City of Raton to have additional time to depose Brunelli. The Court cannot reasonably say that the City of Raton failed to prepare for the original Brunelli deposition. There was an untimely production of important documents needed for the deposition. At the same time, ARPA appears to have acted in good faith. An imposition of sanctions or cost-shifting would

therefore not be appropriate.

## I.     THERE WAS AN UNTIMELY PRODUCTION OF IMPORTANT DOCUMENTS AND CORRESPONDENCE NEEDED FOR BRUNELLI'S DEPOSITION.

The City of Raton blames this circumstance on ARPA, contending that ARPA failed to produce documents in a timely fashion. ARPA maintains that the City of Raton's request to re-open the deposition is based simply on the City of Raton's lack of preparedness. The Court cannot in fairness say, however, that the City of Raton was not prepared for the deposition. It is not reasonable to say that the City of Raton should have been able to review the considerable quantity of documents it received on the same day of the deposition. The City of Raton prepared with the documents that it had and could not have reasonably prepared to depose Brunelli concerning the documents that were produced the morning of the deposition. The document production was untimely, and the lack of timeliness resulted in the City of Raton receiving an overwhelming number of documents the same day it was conducting the deposition. Moreover, it does not appear that ARPA made a timely response to each of the City of Raton's document requests. Some of the documents should have been, but were not produced earlier. ARPA's untimely production therefore contributed to the need to re-open the Brunelli deposition.

## II.    THE COURT WILL ALLOW ADDITIONAL TIME TO DEPOSE BRUNELLI.

The Court has the authority to alter the limits on the number of depositions. See Fed. R. Civ. P. 26(b)(2). At this time, the Court believes it is appropriate to do so and to extend Brunelli's deposition. Brunelli appears to be an essential party witness. Her communications appear to go directly to the heart of the City of Raton's allegations. Brunelli's communications make up a substantial portion of the documents that the City of Raton sought and which ARPA delayed in producing until the day of Brunelli's deposition. In other words, it appears that the belatedly

produced documents have an important bearing on Brunelli's testimony and that Brunelli's testimony is important to this case. Moreover, the City of Raton was not able to prepare to depose Brunelli about those communications because of ARPA's delays in production. The Court therefore believes that the deposition should be re-opened. The City of Raton will be permitted to five hours of additional deposition testimony from Brunelli.

While the Court will allow the City of Raton to re-depose Brunelli for five hours, the Court will limit the scope of the deposition. ARPA's point that the City of Raton has already had the opportunity to depose Brunelli for six hours is well taken, and the Court sees the potential unfairness of allowing the City of Raton to have a second bite at the apple. Accordingly, the City of Raton shall not be permitted to re-trod old ground already covered in the previous Brunelli deposition. The additional deposition will be limited to the material that ARPA produced on the day of the original deposition and to the copies subsequently made available.

### III.    **THE COURT WILL NOT IMPOSE SANCTIONS ON ARPA.**

There are not sound reasons for the Court to impose sanctions on ARPA under rule 30(d)(2) in the form of attorneys' fees and costs associated with the drafting and filing of the City of Raton's motion, reply, and the oral argument. While ARPA's production of certain documents was untimely, both parties appear to be acting in good faith in their attempts to complete discovery in this case. For the most part, discovery has run smoothly. The Court is not prepared to assign blame to either party for the impasse that resulted in this motion.

There was a failure to produce documents on time. At the same time, the quantity of documents was very large and the logistics of production difficult. Whether it would have been more appropriate to re-schedule the deposition for a later date is unclear. The City of Raton reasonably believed that going forward with the deposition was the best thing to do, considering the

long distances both sets of counsel had to travel to have the deposition. Given the various considerations involved on the part of both parties, the Court understands how a situation such as the one presented here can arise, and it makes little sense to assign blame to one party and award sanctions. The more fair result is to allow both parties to bear their own expenses. The parties and Brunelli should therefore bear their own expense of the second deposition of Brunelli.

**IT IS ORDERED** that the City of Raton's Motion to Compel the Continuation of the Deposition of Alice Jewell Brunelli Pursuant to Fed. R. Civ. P. Rule 30(d)(1) and Rule 37(a) is granted in part and denied in part. The Court will allow an additional five hours for Brunelli's deposition so that the City of Raton may examine her about the documents that ARPA produced untimely, but will deny the City of Raton's request that her deposition be extended for one more day. The parties shall work together to schedule the deposition at the parties' earliest possible mutual convenience, but if the parties cannot agree, the City of Raton will serve its notice of deposition within ten days of the date of this order.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Luis Stelzner
Nannette M. Winter
Sheehan, Sheehan & Stelzner, P.A.
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Lynn H. Slade
Erin E. Langenwalter
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Albuquerque, New Mexico

-- and --

Craig N. Johnson
Kutak Rock LLP
Denver, Colorado

*Attorneys for the Defendant*