IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CITY OF RATON, a municipal corporation
and political subdivision of the State of
New Mexico,

        Plaintiff,

vs.                                                                    No. CIV 08-0026 JB/WDS

ARKANSAS RIVER POWER AUTHORITY,
a public power corporation and political
subdivision of the State of Colorado,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the City of Raton's Motion to Strike Paragraphs 36 Through 38 of Defendant's Amended Counterclaim, filed January 5, 2009 (Doc. 96). The Court held a hearing on February 26, 2009. The primary issue is whether the Court should strike paragraphs 36 through 38 from Defendant Arkansas River Power Authority's Amended Counterclaim because those paragraphs may support an anticipatory-breach claim, which the Court has not allowed the Arkansas River Power Authority ("ARPA") to plead at this stage. Because those paragraphs, which were already in the proposed Amended Counterclaim, were not discussed, and because they do not reflect an attempt by ARPA to improperly re-assert its anticipatory-breach claim, the Court will deny the motion.

**PROCEDURAL BACKGROUND**

On November 12, 2008, ARPA filed a Motion for Leave to Amend Answer and Counterclaim (Doc.70)("Motion for Leave"). In the Motion for Leave, ARPA sought to amend its Counterclaim to add claims for declaratory relief and for anticipatory breach. ARPA attached to its

motion the proposed amended counterclaim. Paragraphs 36, 37, and 38 of the proposed amended counterclaim, which were set forth in the general allegations portion of the pleading, alleged:

> 36. Although pursuant to the Organic Contract and Power Sales Agreement each of the Authority's Member Municipalities is required to purchase all of its electricity requirements from the Authority, upon information and belief, Raton has entered into discussions with potential alternative suppliers of electricity regarding Raton's long-term energy requirements. Among other things, Raton has submitted a "Request for Information – Wholesale Power Supply," which purports to solicit proposals from wholesale electric providers for the provision of up to twelve (12) megawatts of electricity and/or a long-term requirements contract with Raton.
>
> 37. Upon receiving a copy of Raton's "Request for Information – Wholesale Power Supply," on or about September 11, 2008, the Authority sent a letter to Raton demanding that Raton: (1) reaffirm that it will continue to honor its obligations under the Organic Contract and Power Sales Agreement to purchase its electricity requirements from the Authority for the remaining terms of the those agreements; and (2) affirm that it will not enter into any agreements for the purchase of electricity or electrical generation equipment from any third party during that time period.
>
> 38. As of the date of this filling [sic], Raton refused to comply with the Authority's demands to reaffirm its intent to comply with the terms of the Organic Contract and Power Sales Agreement.

Motion at 3. In Count Four, Paragraph 57, of the Proposed Amended Complaint, ARPA alleged:

> 57. Raton has further indicated its intent to breach the terms of the Organic Contract and Power Sales Agreement, which requires Raton to purchase all of its electricity requirements from the Authority, by sending out requests for proposals to wholesale electric providers for the provision of up to twelve (12) megawatts of electricity, Raton has unequivocally and absolutely breached the Organic Contract.

Proposed Amended Answer and Counterclaim ¶ 57, at 25, filed November 12, 2008 (Doc. 71-6).

In its briefing in opposition to the Motion for Leave to Amend, the City of Raton focused its opposition on adding the anticipatory breach claim. See, e.g., City of Raton's Response to the Arkansas River Power Authority's Motion for Leave to Amend Answer and Counterclaim at 5, filed

November 25, 2008 (Doc. 76)("Response to Motion to Amend")("The requested amendment to ARPA's claim for anticipatory breach of contract prejudices Raton by making the counterclaim a moving target.")(typeface altered); id. at 6 ("Raton submits that the Court should not permit ARPA to amend its counterclaim every time it discovers evidence it believes demonstrates that Raton does not intend to purchase all of its electricity requirements from ARPA."). The City of Raton never expressly mentioned Paragraphs 36, 37, and 38. Indeed, only one brief passage could be fairly construed as referring to the general allegations related to the claim itself. See Response to Motion to Amend at 7 ("Raton drafted the Request for Information prior to the initiation of this litigation in an effort to explore alternatives in a time of uncertainty . . . . Raton did not, however, ever finalize the Request for Information, send it to anyone, or publish it.").

At the December 5, 2008 hearing before the Court, the Court focused on the new count rather than on the allegations in Paragraphs 36, 37, and 38. The Court stated: "I'm going to deny the portion adding the anticipatory breach claim without prejudice to ARPA renewing that if it has further evidence. I simply don't think the evidence that has been uncovered so far indicates that this is a viable claim." Transcript of Hearing at 16:25-17:4 (taken December 5, 2008)("Tr.").[1] Neither the Court nor the parties mentioned Paragraphs 36, 37, and 38 at the hearing.

On December 15, 2008, the Court issued a Memorandum Opinion and Order granting the Motion for Leave in part and denying it in part. See Memorandum Opinion and Order at 1, entered December 15, 2009 (Doc. 89)("MOO"). In the MOO, the Court stated that it "will deny the Motion with respect to the claim for anticipatory breach without prejudice to ARPA renewing the Motion if, through discovery, it develops evidence that it has a viable claim for anticipatory breach." MOO

---

[1] The Court's citations to the transcript of the hearings refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

at 1.  The Court did not mention Paragraph 36, 37, or 38 of the Proposed Amended Counterclaim.

Following the issuance of the MOO, ARPA filed its Amended Counterclaim.  The Amended Counterclaim contained the three paragraphs that set forth allegations which the City of Raton now contends are identical to allegations set forth in the Motion to Amend, which the Court denied.  See Motion at 4.  In its Motion, the City of Raton asserts that the addition of the three paragraphs amounts to an attempt to amend without leave of the Court.  See Motion at 4.

## ANALYSIS

The Court realizes that the three paragraphs at issue on this Motion were included in the proposed amendment and were not added after the Court rejected the anticipatory-breach claim.  The paragraphs nonetheless have some potential bearing on the anticipatory-breach claim.  At the same time, the parties' arguments and discussions with the Court on the Motion to Amend regarding the anticipatory breach claim focused on the claim and not on the allegations contained in the three paragraphs.  There was, in fact, no significant discussion of those three paragraphs.  This situation is not one where: (i) ARPA stealthily worked in allegations for an anticipatory breach claim after the Court denied it leave to add that claim; or (ii) refused to remove the allegations supporting its anticipatory breach claim in spite of instructions from the Court to remove them.  In other words, ARPA does not appear to have wilfully failed to comply with the Court's order.

Given that the focus of the Court's previous order was on the claim or anticipatory breach, and on paragraph 57 of the Proposed Amended Counterclaim, and given that there was no substantial discussion of the three paragraphs at issue now, the Court will deny the Motion.  The Court will not strike paragraphs 36, 37, and 38 of the Amended Counterclaim.  At the same time, the Court emphasizes that it has not, as of yet, given ARPA leave to add the claim for anticipatory breach that it originally denied.  Moreover, an anticipatory-breach claim will not go to the jury

unless the pleadings are formally amended to add the claim.

The Court sees another reason not to strike the three paragraphs.  In its earlier ruling on the anticipatory-breach claim, the Court informed ARPA that it could move to amend its Counterclaim to add the anticipatory-breach claim if, at a later date, discovery revealed more evidence of anticipatory breach than these three paragraphs.  Specifically, the Court noted that, if more evidence emerged than the three paragraphs, the Court might reconsider its position on the anticipatory-breach claim.  At this stage, however, the Court continues to believe that it was correct in denying leave to add the anticipatory-breach claim.  ARPA may be able to build on the three paragraphs that it has.  It should therefore be clear, however, that, although the Court is allowing the three paragraphs to remain in the Amended Counterclaim at this time, a claim for anticipatory breach is not presently in the case.  The three paragraphs will not be a vehicle for sneaking in an anticipatory breach claim informally.

At the February 26, 2009 hearing, the City of Raton stated that, as long as there was no attempt to sneak in an anticipatory breach claim, it was satisfied with the Court's decision to allow the three paragraphs to remain in the Amended Counterclaim.  See Transcript of Hearing at 5:14-20 (taken February 26, 2009)(Winter)(February 26 Tr.).  ARPA also agreed, and noted that it did not intend to subvert the Court's order by leaving the three paragraphs in its Amended Counterclaim.  In light of the Court's analysis and the parties' representation, the Court will therefore deny the Motion and allow the three paragraphs to remain in the Amended Counterclaim.

**IT IS ORDERED** that  the City of Raton's Motion to Strike Paragraphs 36 Through 38 of Defendant's Amended Counterclaim is denied.

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE

*Counsel*:

Luis Stelzner
Nannette M. Winter
Sheehan, Sheehan & Stelzner, P.A.
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Lynn H. Slade
Erin E. Langenwalter
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Albuquerque, New Mexico

-- and --

Craig N. Johnson
Kutak Rock LLP
Denver, Colorado

      *Attorneys for the Defendant*